NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: BETSEY WARREN LEBBOS, | No. 11-15629 |
| Debtor, | D.C. No. 2:09-cv-01252-LKK |
| U.S. TRUSTEE, | MEMORANDUM[*] |
| Plaintiff - Appellee, | |
| v. | |
| BETSEY WARREN LEBBOS, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Submitted June 18, 2013[**]

Before:    TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).  Accordingly, Lebbos's request for oral argument is denied.

Betsey Warren Lebbos appeals pro se from the district court's judgment affirming the bankruptcy court's judgment, following a trial, denying Lebbos's discharge in bankruptcy. We have jurisdiction under 28 U.S.C. § 158(d). We review independently the bankruptcy court's decision without deference to the district court's determinations, *Leichty v. Neary (In re Strand)*, 375 F.3d 854, 857 (9th Cir. 2004), and we affirm.

The bankruptcy court did not commit clear error in finding that Lebbos knowingly and willfully violated the bankruptcy court's orders by failing to appear at two examinations and failing to produce books and records requested by the trustee and, thus, it properly denied Lebbos discharge. *See* 11 U.S.C. § 727(a)(6)(A) (discharge shall be granted unless the debtor has refused "to obey any lawful order of the court"); *Devers v. Bank of Sheridan (In re Devers)*, 759 F.2d 751, 755 (9th Cir. 1985) (explaining that, by seeking protection of the bankruptcy court, debtors assume "a duty to participate in that proceeding by obeying the court's lawful orders," and affirming denial of discharge); *see also Greene v. Savage (In re Greene)*, 583 F.3d 614, 618 (9th Cir. 2009) ("This court must accept the bankruptcy court's findings of fact unless, upon review, the court is left with the definite and firm conviction that a mistake has been committed by the bankruptcy judge.").

The bankruptcy court did not abuse its discretion when it denied Lebbos's motion for disqualification because a reasonable person with knowledge of the facts would not conclude that the bankruptcy judge's impartiality might be questioned. *See Focus Media, Inc. v. Nat'l Broad. Co. Inc. (In re Focus Media, Inc.)*, 378 F.3d 916, 922, 929 (9th Cir. 2004) (setting forth standard of review and test for disqualification); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) (judicial rulings are almost never a valid basis for disqualification).

Lebbos's contentions concerning venue, the Rehabilitation Act, and the validity of her petition are unpersuasive and not supported by the record.

**AFFIRMED.**

11-15629